**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| MONICA BRUNTY, on behalf of herself and others similarly situated, | |
| Plaintiff, | |
| v. | **Civil Action No.  2:19-cv-255** |
| OPTIMA HEALTH PLAN, | **TRIAL BY JURY DEMANDED** |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

COMES NOW Monica Brunty ("Plaintiff"), by counsel, and files this Collective Action Complaint ("Complaint") against Optima Health Plan ("Defendant"), and in support states the following:

**Nature of this Lawsuit**

1.      Defendant is a health insurance company that provides health plan coverage to approximately 450,000 members.[1]

2.      Defendant employed Plaintiff to perform utilization review and case management functions to attempt to reduce the costs of medical care.

3.      Defendant employed Plaintiff and other individuals who performed similar job duties under various job titles, including but not limited to: job titles that include

---

[1] https://www.optimahealth.com/company/about/ (last viewed on April 22, 2019)

some variation of "Care Coordinator" or "Coordinator," including "Care Coordinator,"

"Behavioral Health Utilization Management Care Coordinator," "RN Care Coordinator,"

"Pre-Authorization Coordinator," and "Transition Care Coordinator;" job titles that

include some variation of "Care Manager" or "Case Manager," including "Integrated

Care Manager, Behavioral Health," "RN Case Manager," and "Integrated Care

Manager;" and job titles that include "Reviewer," including "Clinical Care Reviewer"

and "Clinical Claims Reviewer" (collectively, "Care Management Employees").[2]

4.      Defendant paid Care Management Employees a salary.

5.      Defendant's Care Management Employees regularly worked over 40 hours

per week.

6.      Defendant classified Care Management Employees as exempt from state

and federal overtime laws and did not pay them overtime when they worked over 40

hours in an individual workweek.

7.      In fact, Defendant's Care Management Employees primarily performed

non-exempt work, including asking health plan participants standardized questions to

document their medical circumstances ("Data Collection"), inputting answers to those

questions into Defendant's computer system ("Data Input"), following established

guidelines designed to maximize utilization of health plan resources through application

---

[2] The practice of assigning arbitrary job titles to individuals performing substantially the same work is a pervasive practice in the managed care industry. See Deakin v. Magellan Health, Inc., 328 F.R.D. 427, 433 (D.N.M. 2018) (conditionally certifying class of managed care workers employed under job titles that included the terms "Care Coordinator" or "Care Manager" and rejecting defendant's argument that certification was inappropriate because defendant employed non-supervisory employees in thirty-six job titles containing the terms "Care Coordinator" or "Care Manager").

of predetermined criteria ("Care Utilization"), coordinating care by performing ministerial tasks like arranging appointments, referrals, and obtaining necessary authorizations from individuals ("Care Coordination"), supplying health plan participants with additional information and resources to allow them to educate themselves about their health plans ("Plan Information"), and other similar work (collectively, "Care Management Work").

8.     Plaintiff brings this action on behalf of herself and other similarly situated Care Management Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

**The Parties**

9.     Plaintiff worked for Defendant as a Care Management Employee in Virginia from October 2017 to February 2018.

10.     Defendant is a Virginia corporation and has its principal place of business in this District.

11.     Defendant is a subsidiary of Sentara Healthcare, a Virginia Corporation with its principal place of business in this District.

**Jurisdiction and Venue**

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claim arises under federal law. *See* 29 U.S.C. § 216(b).

13.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

14.     Plaintiff worked as a Care Management Employee for Defendant.

15.     During her employment with Defendant, Plaintiff primarily performed Care Management Work.

16.     During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

17.     During her employment, Plaintiff's job duties did not include engaging in bedside nursing or providing medical advice to patients or health plan participants to treat medical or psychological conditions.

18.     During her employment, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health problems.

19.     During her employment, Plaintiff's job duties did not involve making medical decisions in order to select the appropriate medical care for patients or other individuals to treat their medical conditions or ailments.

20.     During her employment, Plaintiff's job duties did not include administering patients' medicine or treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, monitoring and reporting whether

patients were receiving medical services, interviewing patients to consider or advise them regarding alternative treatments, providing medical opinions on treatment and medication, assessing whether requested treatments were related to the original compensable injury, or determining whether an issue should be referred for an independent medical evaluation.

21.     Defendant required Plaintiff to work over 40 hours in one or more individual workweeks during the last three (3) years.

22.     During her employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

23.     Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA.

24.     Defendant paid Plaintiff a salary.

25.     Defendant paid Plaintiff the same amount of compensation each week regardless of the number of hours she worked each week during her employment.

26.     When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

27.     Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

28.     Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

29.     Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

30.     During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

31.     During her employment, Defendant was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

**Collective Action Allegations**

32.     Plaintiff brings her FLSA claim as a collective action.

33.     Plaintiff's consent form to participate in the collective action is attached to this Complaint as Exhibit A.

34.     The collective action is defined as follows:

All individuals employed by Defendant as Care Management Employees in the last three years who were paid salary, who worked more than 40 hours in one or more individual workweeks, who were classified as exempt, and who file consent forms to participate in this lawsuit ("Collective Action Members").

35.     Plaintiff is similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

36.     In the last three years, Defendant employed individuals who performed the same primary job duties as Plaintiff.

37.     Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

38.     Of employees classified as exempt who performed the same primary job duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

39.     Defendant maintained one or more common job descriptions for Care Management Employees.

40.     Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

41.     Defendant has phone number for potential Collective Action Members in its payroll or personnel records.

42.     Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

43.     Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**(Collective Action)**

44.     Plaintiff incorporates here the previous allegations of this Complaint.

45.     This count arises from Defendant's violation of the FLSA by failing to pay overtime to Plaintiff and the Collective Action Members when they worked over 40 hours in individual workweeks.

46.     Plaintiff was not exempt from the overtime provisions of the FLSA.

47.     The Collective Action Members were not exempt from the overtime provisions of the FLSA.

48.     Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

49.     Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

50.     Defendant paid Plaintiff a salary and no overtime compensation.

51.     Defendant paid other Collective Action Members a salary and no overtime.

52.     Defendant violated the FLSA by failing to pay overtime to Plaintiff at one-and-one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

53.     Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

54.     Defendant's failure to pay Plaintiff and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seeks a judgment against Defendant as follows:

A.     All unpaid overtime wages due to Plaintiff and the Collective Action Members;

B.     Liquidated damages equal to the unpaid overtime compensation due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.     Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands a trial by jury.

Respectfully submitted,


By: ___/s/ Zev Antell_____
Harris D. Butler, III (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Paul M. Falabella (VSB No. 81199)
BUTLER ROYALS, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel:   (804) 648-4848
Fax:  (804) 237-0413
harris.butler@butlerroyals.com
zev.antell@butlerroyals.com
paul.falabella@butlerroyals.com


DOUGLAS M. WERMAN*
dwerman@flsalaw.com
MAUREEN A. SALAS*
msalas@flsalaw.com
Sarah J. Arendt
sarendt@flsalaw.com
Zachary C. Flowerree
zflowerree@flsalaw.com
WERMAN SALAS P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
Tel:  (312) 419-1008


TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
5438 Rutherglenn Drive
Houston, Texas 77096
Tel:  (512) 417-5716
travis@hedgpethlaw.com


JACK SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC

2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice
forthcoming*

**Attorneys for Plaintiff and others
similarly situated**