IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MONICA BRUNTY, on behalf of herself
and others similarly situated,

    Plaintiff,

v.                                                Civil Action No. 2:19cv255

OPTIMA HEALTH PLAN and
SENTARA HEALTH PLANS, INC.

    Defendants.

## MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR CONTINUANCE OF TRIAL DATE AND STAY OF DISCOVERY

The parties, by counsel, and pursuant to Local Rule 7(G), jointly submit the following Memorandum in Support of Defendant's Motion for Continuance of Trial and Stay of Discovery ("Continuance Motion"). This is a Fair Labor Standards Act ("FLSA") action in which the two current plaintiffs claim that they were misclassified as exempt from FLSA overtime requirements. The original named Plaintiff purported to sue on behalf of herself and others similarly situated. Plaintiffs plan on filing a Motion for Conditional Certification and Court Authorized Notice to a potential collective action class by not later than September 19, 2019 (the "Motion"). The Defendants will oppose the Motion.

For the reasons described below, the Parties jointly believe that economic and judicial efficiencies would be best served by staying discovery and the deadlines preliminarily set during the initial Scheduling Conference held on August 22, 2019, until after the Court rules on the Motion. The Parties further request that the trial date preliminarily set at the Scheduling Conference be continued, and that a new Scheduling Order and trial date should be issued after the Court rules on Plaintiffs' Motion.

I-1621342.3

## **BACKGROUND AND ARGUMENT**

This case was initially filed by Monica Brunty, a former "Care Coordinator-Non RN" for Optima Health Plan ("Optima"). Subsequently, Pamela Langley (also a former Care Coordinator) filed a consent to participate in the litigation. Plaintiffs contend that they were misclassified as exempt from the FLSA's overtime requirements, and that they were improperly denied overtime pay. Optima denies these allegations. Plaintiffs' Amended Complaint also asserts that a number of separate positions at Optima were also misclassified, an allegation which Optima denies. Plaintiffs have alleged that the case should proceed as a collective action that would include Plaintiffs, other employees with the same job title as Plaintiffs, and all employees in other job titles that Plaintiffs contend are similar. Plaintiffs contend (among other things) that all of these employees are "similarly situated" and that a collective action class potentially including these other employees is appropriate. Optima denies (among other things) that the case should proceed as a collective action or that the employees referenced by Plaintiffs are similarly situated.

The parties have agreed to share certain information by September 6 as part of their initial disclosure obligations, and Plaintiffs have stated their intention to file their Motion by September 19. This Motion will seek conditional certification of a collective action "opt-in" class, as well as the right to send a notice to all potential class members of their right to opt into the conditional class. Optima will be opposing the Motion.

Unlike in class actions under Rule 23, FLSA collective actions require potential plaintiffs in a conditionally certified class to opt-in to the litigation. If the Court grants the Motion, Plaintiffs would generally be given some deadline by which they must distribute a Court-Approved Notice to potential class members, and a deadline to add any new plaintiffs to the suit.

Thus, it will not be clear who (or how many) the plaintiffs in this case will be until after the Court rules on Plaintiffs' Motion and until the end of the Notice period. This makes a December discovery cutoff for Plaintiffs and a January cutoff for Defendants impracticable. Moreover, if the Court grants the Motion, and after the Parties conduct discovery, Defendants would likely file a Motion to Decertify some or all of the Conditional Class. It is also likely that one or both sides of the litigation would file Motions for Summary Judgment on exempt status. Only after the Court ruled on these Motions would the parties know the potential scope of any remaining discovery and trial preparation, or the scope of the trial itself. This is yet another reason that closing discovery in December and January, and having a trial in February appears impracticable.

If the Court grants the Motion, the scope of discovery will be expanded to include employees, additional supervisors and other potential witnesses related to the new plaintiffs, and additional documents and information that could be relevant to the new plaintiffs' claims and Optima's defenses to these claims. By staying discovery until after the Court rules on Plaintiffs' Motion, the parties can avoid significant costs conducting discovery that would only be relevant if the Court grants the Motion. This would also avoid unnecessary discovery disputes about the scope of discovery prior to the Court ruling on Plaintiffs' Motion.

Without information about the putative class identity, number of potential class members, and potential jobs included in the class (if any), it would be difficult for the Parties to estimate the appropriate scope of discovery. It is also impossible to estimate the length of trial. If the Court denies the Motion, the trial could last between two and four days. But if the Motion is granted, the trial could last a number of weeks or even months. If the Motion is denied (and if the Court grants this Continuance Motion) the parties will have avoided significant unnecessary

discovery about jobs and employees who/which would not be relevant to the more limited action following a denial of the Motion.

For these and other reasons, collective actions do not lend themselves to the traditional schedule as they are a unique type of action and are generally conducted in multiple phases. For example, if the Court grants Plaintiffs' Motion, there would typically be a robust period of discovery, followed by a Motion to Decertify some or all of the Conditional Class, along with summary judgment motions from one or more of the parties. Due to the phased nature of FLSA collective actions, this Court has repeatedly deviated from its standard schedule for typical employment case.

For these reasons, the Parties hereby respectfully request that the Court order that:

1. Plaintiffs shall file their Motion for Conditional Certification and Notice by September 19, 2019.

2. Defendants shall have 28 days to file their opposition to the Motion.[1]

3. Plaintiffs shall have seven (7) days to file their reply in support of the Motion.

4. Discovery, other than initial disclosures, is stayed until after the Court rules on the Motion.

5. The trial date and other deadlines preliminarily set at the Rule 16 Scheduling Conference are continued until after the Court rules on the Motion.

6. After the Court rules on the Motion, the Parties will promptly meet and confer about an appropriate discovery plan, and will attend a new Rule 16 scheduling conference.

---

[1] Because of the complexity of the Motion, the number of potential Declarations and other Exhibits, and the amount of time Plaintiffs will have to prepare their Motion, the parties have consented to this deviation from the normal briefing schedule under Local Rule 7.

WHEREFORE, the Parties respectfully request that the Court grant the parties' Motion for Continuance of Trial Date and Stay of Discovery.

Respectfully submitted,

/s/ Harris D. Butler, III
Harris D. Butler, III (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Paul M, Falabella (VSB No. 81199)
Counsel for Plaintiff
BUTLER ROYALS, PLC
140 Virginia Street, Suite 302
Richmond, Virginia 23219
Tel: (804) 648-4848
Fax: (804)237-0413
harris.butier@butlerroyals.com
zev.antell@butlerroyals.com
paul.falabella@butlerroyals.com

Douglas M. Werman
Maureen A. Salas
WERMAN SALAS P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008
Dwerman@flsalaw.com
msalas@flsalaw.com

Travis M. Hedgpeth
The Hedgpeth Law Firm, PC
5438 Rutherglenn Drive
Houston, Texas 77096
Tel: (5120 417-5716
travis@hedgpethlaw.com

/s/ David A. Kushner
David A. Kushner (VSB # 71173)
William M. Furr (VSB #29554)
Cameron A. Bonney (VSB #90574)
James B. Wood (VSB #86401)
Counsel for Optima Health Plan and Sentara Health Plans, Inc.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Ste. 2200
Norfolk, Virginia 23510
Tel:  (757) 628-5500
Fax:  (757) 628-5566
dkushner@wilsav.com
wfurr@wilsav.com
cbonney@wilsav.com
jbwood@wilsav.com

## **CERTIFICATE OF SERVICE**

I hereby certify on the 26th day of August 2019, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Harris D. Butler, III (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Paul M, Falabella (VSB No. 81199)
BUTLER ROYALS, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Tel: (804) 648-4848
Fax: (804)237-0413
harris.butier@butlerroyals.com
zev.antell@butlerroyals.com
paul.falabella@butlerroyals.com

Travis Michael Hedgpeth
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd, Suite 510
Houston, TX 77056
Tel: (281) 572-0727
Fax: (281) 572-0728
travis@hedgpethlaw.com

Douglas Michael Werman
Maureen Ann Salas
WERMAN SALAS P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
Tel: (312) 419-1008
Fax: (312) 419-1025
dwerman@flsalaw.com
msalas@flsalaw.com

    /s/ David A. Kushner
David A. Kushner
Counsel for Optima Health Plan and Sentara Health Plans, Inc.
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Ste. 2200
Norfolk, Virginia 23510
(757) 628-5500 Telephone
(757) 628-5566 Facsimile
dkushner@wilsav.com

I-1621342.3